IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CANDLE BOGAMY, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 2:11-cv-88-JRG |
| | § | |
| HARRISON COUNTY, et al., | § | |
| Defendants. | § | |
| | § | |
| | § | |

# MEMORANDUM OPINION AND ORDER

**I.  Introduction**

Pending before the Court are: (1) Defendants Global Tel Link Corporation ("GTL") and Public Communication Service, Inc.'s ("PCS") Motion to Dismiss (Dkt. No. 14); (2) Defendants AGM Telecom and AGM Telecom Corporation's (collectively, "AGM") Motion to Dismiss (Dkt. No. 20); (3) Defendants GTL, PCS, and AGM's Motion to Stay Discovery (Dkt. No. 27); and (4) Plaintiffs' Motion for Leave to File Their Third Amended Complaint (Dkt. No. 28). For the Reasons discussed below, GTL and PCS's Motion to Dismiss (Dkt. No. 14) is **DENIED**, AGM's Motion to Dismiss (Dkt. No. 20) is **GRANTED-IN-PART** and **DENIED-IN-PART**, Plaintiff's Motion for Leave to File a Third Amended Complaint (Dkt. No. 28) is **GRANTED**, and Defendants' GTL, PCS and AGM's Motion to Stay Discovery (Dkt. No. 27) is **DENIED-AS-MOOT.**

**II.  Factual and Procedural Background**

The Plaintiffs in this case are the sole heirs of Julius Maloy ("Maloy"), a pre-trial detainee at the Harrison County Jail in Marshall, Texas who committed suicide in an isolation cell by hanging himself with a phone cord on March 24, 2009. (Dkt. No. 15.) Plaintiffs filed this suit on

February 10, 2011, claiming that Harrison County and several of its employees are liable under 42 U.S.C. § 1983 and the Americans with Disabilities Act based on their alleged indifference to Maloy's "suicidal tendencies and the dangerous conditions under which the County operated the jail." *Id.* Harrison County and the named individual defendants are not parties to any motion to dismiss currently pending before the Court.

Pursuant to 28 U.S.C. § 1367, which provides the Court supplemental jurisdiction over state claims substantially related to the original claims, Plaintiffs also assert state law negligence, products liability, and joint enterprise claims against GTL, PCS and AGM. Plaintiffs argue that "these companies installed a corded phone into an isolation cell used to house mentally ill and suicidal individuals [] and they were well aware that corded phones endangered the lives of such detainees." (Dkt. No. 15, at 2.)

Plaintiffs have amended their Complaint more than once. On March 31, 2011, the Court granted Plaintiffs leave to file a Second Amended Complaint. (Dkt. No. 11.) GTL and PCS move the Court to dismiss Plaintiffs' claims against them under Fed. R. Civ. P. 12(b)(6) on the grounds that the "Second Amended Complaint fails to state a claim against them upon which relief can be granted, as section 82.003 of the Texas Civil Practice and Remedies Code, applicable here, exempts [GTL and PCS] from liability." (Dkt. No. 14.) AGM has filed a motion to dismiss on nearly identical grounds. (Dkt. No. 20.) GTL, PCS and AGM have also filed a joint motion to stay discovery pending the Court's ruling on the motions to dismiss. (Dkt. No. 27.) Plaintiffs oppose each of these motions, and have also filed a motion for leave to file a third amended complaint. (Dkt. No. 28.) GTL, PCS and AGM oppose the requested leave on the grounds that the "proposed Third Amended Complaint contains identical claims against Defendant, no new facts, and does not materially change any of the allegations against Defendants contained in the

Second Amended Complaint." (Dkt. No. 32.) Given these Defendants' stated positions and for the sake of convenience, the Court will evaluate the merits of the motions to dismiss as they relate to the allegations to Plaintiffs' proposed Third Amended Complaint.

## III. Governing Law

### A. Federal Rule of Civil Procedure 12

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock,* 549 U.S. 199, 215 (2007).

The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The well-pleaded facts must permit the court to infer more than just the mere possibility of misconduct. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997).

There are two guiding principles in determining whether a complaint can survive a motion to dismiss. *Iqbal,* 129 S. Ct. at 1949-50. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, a complaint must state a plausible claim in order to survive a motion to dismiss. *Id.* This second determination is a "context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but is has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Product Liability Claims Against Non-Manufacturing Sellers

As a general rule, under Texas law, a non-manufacturing seller is not liable for harm caused by a product unless the claimant proves one of seven exceptions to the rule. *Martin American Indus. Int'l*, No. 6:06-cv-513, 2007 WL 4369717, at *2 (E.D. Tex. Dec. 13, 2007) (citing TEX. CIV. PRAC. & REM. CODE § 82.003). Under Section 82.003, a non-manufacturing seller of an allegedly defective product is not liable for harm caused by that product, except where the plaintiff shows that the seller:

> (1) participated in the design of the product; (2) altered or modified the product and the harm resulted from that alteration or modification; (3) installed the product, or had the product installed, on another product and harm resulted from that installation; (4) exercised substantial control over the content of an inadequate warning or instruction accompanying the product that caused harm; (5) made an express, incorrect factual representation about an aspect of the product that caused harm; (6) actually knew of a defect to the product at the time the seller supplied the product and harm resulted from the defect; or (7) the manufacturer is insolvent or not subject to jurisdiction of the court.

*Martin*, 2007 WL 436917, at *2 (citing TEX. CIV. PRAC. & REM. CODE § 82.003(a)(1)-(7)).

To overcome the general immunity granted to a non-manufacturing seller, a plaintiff must allege facts establishing a non-manufacturing seller's liability under a specified statutory exception. Absent such factual allegations, a complaint for product liability against a non-manufacturing seller fails to state a claim. *See Alonso v. Maytag Corp.*, 356 F.Supp. 2d 757, 761 (S.D. Tex. 2005). In a product liability action, "any theory of recovery plead against a

4

non-manufacturing seller must fall within one of the seven exceptions to § 82.003." *Garcia v. Nissan Motor Co., Ltd.*, M-05-59, 2006 WL 869944, at *6 (S.D. Tex. March 30, 2006). Further, generic allegations or "lumping" of non-manufacturing sellers with actual manufactures will not allow a plaintiff to circumvent the immunity granted by Texas law and proceed with a product liability action against a non-manufacturing seller. *Sonnier v. Baker Hughes Oilfield Operations, Inc.*, No. V-08-25, 2010 U.S. Dist. Lexis 17016, at *4-5 (S.D. Tex. Feb. 24, 2010) (granting dismissal against non-manufacturing sellers who were "lumped" into broad pleadings alleging that a number of defendants were "engaged in the business of designing, manufacturing, marketing, distributing, selling *and/or* supplying the [product]").

**IV.     Analysis**

   *A.  GTL's and PCS's Motion to Dismiss Under Rule 12(b)(6) (Dkt. No. 14)*

Defendants GTL and PCS contend that they are entitled to dismissal because the Plaintiffs failed to sufficiently plead any exception to the general rule that non-manufacturing sellers are immune from claims involving defective products. (Dkt. No. 14.) The Court disagrees. Plaintiffs have alleged sufficient facts to show that as distributors, sellers, and maintainers, GTL and PCS "actually knew that the corded phone they installed and maintained was defective and inherently dangerous at the time they installed and maintained the product." (Dkt. No. 15, at 2.) Specifically, Plaintiffs' Third Amended Complaint directly references (1) a report from the Texas Commission on Jail Standards and (2) a compilation of jail suicides sponsored by the United States Department of Justice indicating that "suicide by telephone cord was a well-known phenomenon prior to March 24, 2009, and was shockingly prevalent in jails, especially in Texas' jails." (Dkt. No. 28, at 6.) Plaintiffs' Third Amended Complaint also asserts that:

5

> Representatives of AGM Telecom, AGM Telecom Corp., PCS and Global Tel … were actually aware of: (a) numerous suicides involving telephone cords; (b) the article mentioned herein, confirming the significant danger of suicide the corded phone posed, particularly in Texas; (c) literature concerning the dangers of telephone cords leading to suicides, including the reports by Dr. Dolinak and Dr. Quinton; and (d) numerous lawsuits at the trial and appellate levels in which the victims of suicide by telephone cord had either prevailed on breach of warranty, product liability or negligence grounds against manufacturers and installers of jail phones with cords, or the dangers of such phone posed were highlighted, AGM Telecom, AGM Telecom Corp., PCS, and Global Tel continued to distribute, install, operate and maintain phone systems they knew posed an actual danger to suicidal images and detainees.

(Dkt. No. 28, at 9-10.)

The Court finds that these allegations – when taken as true – sufficiently plead a plausible cause of action against GTL and PCS by establishing an exception to the general immunity afforded to non-manufacturing sellers by Texas Civil Practices and Remedies Code § 82.003(a). Specifically, the Plaintiffs have alleged sufficient facts to state a plausible claim that GTL and PCS actually knew that the corded phone they installed and maintained was defective and inherently dangerous at the time they installed and maintained the phone system at the Harrison Country jail [exception No. 6 under Texas Civil Practices and Remedies Code § 82.003]. Thus GTL and PCS' Rule 12(b)(6) motion to dismiss is **DENIED**.

### B. *AGM's Motion to Dismiss Under Rule 12(b)(6) (Dkt. No. 20)*

AGM Telecom and AGM Telecom Corporation's Joint Motion to Dismiss raises two issues. First, AGM represents that there is no corporate entity related to AGM under the name "AGM Telecom." (Dkt. No. 20, at 2.) Plaintiffs do not dispute, or even address this representation in their responsible briefing. Therefore, the Court **DISMISSES** without prejudice AGM Telecom from this case under Fed. R. Civ. P. 12(b)(2). Plaintiffs' are granted leave to

amend their Complaint to add the properly named AGM entity within 14 days from the date of this Order.

The second issue addressed in AGM's joint motion to dismiss amounts to a nearly identical argument as discussed above with regard to GTL and PCS. Namely, AGM contends that it is entitled to immunity as a non-manufacturing seller under Texas Civil Practices and Remedies Code § 82.003(a). For the same reasons as discussed above, the Court finds that the Plaintiffs' Third Amended Complaint does state a valid claim according to exception number 6 to § 82.003, and on that basis AGM's Motion to Dismiss is **DENIED.**

### *C. Plaintiffs' Motion for Leave to File Their Third Amended Complaint (Dkt. No. 28)*

On August 8, 2011, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint. (Dkt. No. 28.) GTL, PCS, and AGM oppose on the grounds that it "contains identical claims against Defendants, no new facts, and does not materially change any of the allegations against Defendants contained in the Second Amended Complaint." (Dkt. No. 32.) GTL, PCS and AGM therefore ask this Court to deny Plaintiffs' Motion for Leave as futile. The Court disagrees and **GRANTS** Plaintiffs' Motion for Leave to File a Third Amended Complaint. Plaintiffs should file such Third Amended Complaint within 14 days of this date and include therein the properly named AGM entity as directed in Part IV.B above.

### *D. GTL, PCS and AGM's Motion to Stay Discovery (Dkt. No. 27)*

In light of the foregoing rulings, GTL, PCS, and AGM's Motion to Stay Discovery subject to the Court's ruling on their various Motions to Dismiss is **DENIED-AS-MOOT.**

### V. Conclusion

The Court finds that Plaintiffs' Third Amended Complaint states a plausible claim for relief according to an exception to the general immunity afforded to non-manufacturing sellers

under Texas Civil Practices and Remedies Code § 82.003(a). Accordingly, and as set forth above, GTL and PCS's Motion to Dismiss (Dkt. No. 14) is **DENIED**, AGM's Motion to Dismiss (Dkt. No. 20) is **GRANTED-IN-PART** and **DENIED-IN-PART**, Plaintiff's Motion for Leave to File a Third Amended Complaint (Dkt. No. 28) is **GRANTED** and Defendants' Motion to Stay Discovery (Dkt. No. 27) is **DENIED-AS-MOOT.**

**So ORDERED and SIGNED this 19th day of April, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE